# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALAN C. NEWMAN, | Civil Action No. 17-1337 (FLW) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| THEODORE J. HULTER, WARDEN, et al., | |
| Defendants. | |

This matter has been opened to the Court by Plaintiff's filing of a civil action pursuant to 42 U.S.C. § 1983 against prison officials at Ocean County Correctional Facility arising from a slip and fall accident that occurred in 2010. The Court previously granted Plaintiff's application to proceed *in forma pauperis*. Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).[1] For the reasons explained below, the Court will dismiss the Complaint as untimely and deny leave to amend.

---

[1] Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Plaintiff's Complaint is dated February 20, 2017.  (ECF No. 1, Complaint at 8.)  The Complaint is brought pursuant to § 1983 (*id.* at 2) and alleges that on September 21, 2010, Plaintiff was an inmate at Ocean County Correctional Facility in Toms River New Jersey.  (*Id.* at 7.)  On that date, he was carrying hot tea when he slipped and fell on a wet floor outside his cell. (*Id.*)  Plaintiff broke his foot in three places and received second degree burns for which he received medical attention.  (*Id.* at 6-7.)  Plaintiff alleges that the wet floor was caused by a "defective shower curtain that was too short."  (*Id.* at 7.)  Plaintiff and other inmates housed on his unit had previously complained about the defective shower curtain on "numerous occasions", but a work order was not submitted to correct the issue.  (*Id.*)  Plaintiff seeks damages for his injuries.  (*Id.*)

Plaintiff also states in his Complaint that he filed a notice of tort claim on December 10, 2010, alleging that he sustained injuries at the facility.  (*Id.* at 6.)  Plaintiff subsequently filed a Complaint in New Jersey Superior Court on February 5, 2013, alleging negligence and failure to train.  (*Id.*)  The state court granted summary judgment to defendants on July 12, 2013.  (*Id.*)  It appears that the Appellate Division affirmed the dismissal in an unpublished decision on June 10, 2015.[2]  *See Newman v. Ocean Cty. Dep't of Corr.*, No. A-0513-13T4, 2015 WL 3602479, at *1 (N.J. Super. Ct. App. Div. June 10, 2015).

---

[2] The New Jersey Appellate Division affirmed the dismissal as follows:

> Suffice it to say, there is no dispute plaintiff's complaint was filed after the two-year period provided by statute. *See* N.J.S.A. 59:8–9 ("[I]n no event may any suit against a public entity ... arising under this act be filed later than two years from the time of the accrual of the claim ."). This bar applies regardless of whether a notice of claim was timely filed. *Anaya v. Twp. of Vernon*, 139 N.J. Super. 409, 412 (App. Div.)("It is plain that the notice provisions of the act, including those relating to when an action may be commenced after notice of a claim is filed, do not affect the statute of limitations provisions applicable to the claim asserted—here, two

It appears from the face of the Complaint that Plaintiff's § 1983 claims are untimely.[3] It is well established that there is no independent statute of limitations for bringing a claim under 42 U.S.C. § 1983 in federal court. Instead, "the [forum] state's statute of limitations for personal injury" applies to claims filed under 42 U.S.C. § 1983. *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1988). In New Jersey, the statute of limitations for a civil rights claim under § 1983 or the NJCRA is two years. *Disque v. New Jersey State Police*, 603 F.3d 181, 189 (3d Cir. 2009) (section 1983); *Citta v. Borough of Seaside Park*, Civ. No. 09-865 FLW, 2010 WL 3862561, at *10 n.3 (D.N.J. Sept. 27, 2010) (collecting cases and concluding that two-year statute of limitations applies to plaintiff's NJCRA claims.)

The limitations period begins to run on the accrual date. For federal claims brought pursuant to 42 U.S.C. § 1983, the accrual date of the claim is determined in accordance with federal law. *Disabled in Action of Pa. v. Se. Pa. Trans. Auth.*, 539 F.3d 199, 209 (3d Cir. 2008). Generally, a claim accrues when the facts which support the claim reasonably should have become known to the plaintiff. *Sameric*, 142 F.3d at 599 (citing *De Botton v. Marple Twp.*, 689 F. Supp. 477, 480 (E.D. Pa. 1988)); *see also Large v. County of Montgomery*, 307 F. App'x 606, 606 (3d Cir. 2009). Thus, "a claim accrues as soon as a potential plaintiff either is aware, or should be aware after a sufficient degree of diligence, of the existence and source of an actual

---

years from the date of the accident and resulting injury." (citing N.J.S.A. 59:8–1; 59:8–8b; 59:8–9. See also N.J.S.A. 2A:14–2)), certif. denied, 71 N.J. 494 (1976). "The Tort Claims Act specifically bar[red] the institution of this action." *Ibid.*

*Id.*

[3] Although the statute of limitations is an affirmative defense that may be waived by a defendant, the Court may dismiss *sua sponte* a pro se civil rights claim under 28 U.S.C. § 1915(e)(2) where untimeliness is apparent from the complaint. *See Hunterson v. Disabato*, 244 F. App'x. 455, 457 (3d Cir. 2007).

3

injury. *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 590 (3d Cir. 2005) (citing *Keystone Insurance Co. v. Houghton*, 863 F.2d 1125, 1127 (3d Cir.1988)); *see also Large v. County of Montgomery*, 307 F. App'x. 606, 606 (3d Cir. 2009). Put another way, "a cause of action accrues when the fact of injury and its connection to the defendant would be recognized by a reasonable person." *Kriss v. Fayette Cty.*, 827 F. Supp. 2d 477, 484 (W.D. Pa. 2011) *aff'd*, 504 F. App'x 182 (3d Cir. 2012); *see also Giles v. City of Philadelphia*, 542 F. App'x 121, 123 (3d Cir. 2013) (citing *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir.1982) (*per curiam*) (federal cause of action accrues when the plaintiff is aware, or should be aware, of the existence of and source of the injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong)).[4]

Here, Plaintiff knew he was injured and the source of his injury on or about September 21, 2010, and filed a tort action in state court, which was dismissed as untimely in 2013. The instant § 1983 action premised on the same slip and fall accident is likewise barred under the two-year limitations period for § 1983 actions, as any claim for relief accrued nearly seven years ago, and the Complaint provides no facts in support of equitable tolling. Because it is clear from

---

[4] For section 1983 and NJCRA claims, "[s]tate law, unless inconsistent with federal law, also governs the issue of whether a limitations period should be tolled." *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010); *McPherson v. United States*, 392 F. App'x 938, 944 (3d Cir. 2010). Equitable tolling under New Jersey law may arise "where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass,' or where a plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum." *Cason v. Arie Street Police Dep't*, No. 10–0497, 2010 WL 2674399, at *5 n. 4 (D.N.J. June 29, 2010) (citing *Freeman v. State*, 347 N.J. Super. 11, 31 (Div. 2002)); *see also Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005) (explaining equitable tolling under federal law). To the extent Plaintiff has a valid basis for equitable tolling, he may seek reconsideration of the Order accompanying this Memorandum Opinion pursuant to Local Civil Rule 7.1.

the face of the Complaint that the action is barred by the two-year limitations period, the Court will dismiss the Complaint as untimely.

The Court also finds that granting leave to amend the Complaint would be futile under the facts presented in the Complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (District court may deny leave to amend under Rule 15(a) when amendment is futile.). Here, Plaintiff has conceded that he was aware of his injury and the source of his injury and filed a tort claim in state court, which was dismissed on summary judgment. Furthermore, the Complaint at best describes negligent conduct, which is not actionable under section 1983.[5] S*ee Daniels v. Williams*, 474 U.S. 327 (1986) (holding that inmate who was injured when he slipped on a pillow that was negligently left on the stairs by deputy sheriff does not state claim under § 1983). As such, the Court denies leave to amend. An appropriate Order follows.

---

[5] To the extent Plaintiff attempts to state a state-law tort claim for negligence, the Court declines to exercise supplemental jurisdiction. "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Bishop v. N.J. Dep't of Corr.*, No. 05-5660 (FLW), 2006 WL 777035, at *2-3 (D.N.J. Mar. 24, 2006) (citing *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381 (1998) (citation and internal quotation marks omitted)). Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. *Id.* (citing 28 U.S.C. § 1367(c)(3)). In exercising its discretion, however, "'the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Id.* (citing *Growth Horizons, Inc. v. Delaware County, Pennsylvania*, 983 F.2d 1277, 1284 (3d Cir. 1993). Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. *Id.* (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Growth Horizons, Inc.*, 983 F.2d at 1284-1285. In this case, the Court is dismissing the claims over which it had original subject matter jurisdiction at the earliest stage of the litigation and declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) over any potential claims arising under state law. The Court expresses no opinion as to whether Plaintiff could bring any state law tort claims in state court; the Court notes, however, that it appears that Plaintiff has already litigated his tort claims in state court and those claims have been dismissed as untimely.

*s/Freda L. Wolfson*
Freda L. Wolfson, U.S.D.J.

Dated: August 28th, 2017