UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALAN C. NEWMAN,

    Plaintiff,

v.

THEODORE J. HUTLER et al.,

    Defendants.

Civ. No. 17-1337 (FLW) (LHG)

**MEMORANDUM OPINION**

**FREDA L. WOLFSON, U.S.D.J.**

## I. INTRODUCTION

Plaintiff, Alan C. Newman ("Newman" or "Plaintiff"), commenced this civil rights action under 42 U.S.C. § 1983 on February 27, 2017. (ECF No. 1.) After granting Newman leave to proceed *in forma pauperis*, the Court, upon screening, dismissed the action with prejudice as untimely and for failure to state a claim. (ECF Nos. 2, 4, 5.) Presently before the Court is a motion by Newman for reconsideration of the Opinion and Order dismissing the action. (ECF No. 9.) For the following reasons, Newman's reconsideration motion is DENIED.

## II. PROCEDURAL HISTORY

As the Opinion dismissing this action recited the underlying facts and procedural history in detail, only the most pertinent facts are now repeated. Newman's Complaint alleged that, while he was in the Ocean County Correctional Facility in September 2010, he slipped and fell on a puddle of water. (*See* ECF No. 1.) He sought to assert claims for civil rights violations under 42 U.S.C. § 1983 against the facility's warden and two John Doe officers. (*Id.*)

On August 28, 2017, I issued an Opinion and Order dismissing the Complaint upon screening under 28 U.S.C. § 1915(e)(2)(B). (ECF Nos. 4 & 5.) I found, as the incident Newman

complained of occurred in September 2010 and he did not commence this action until February 2017, that the Complaint was facially untimely under the applicable, two-year limitations period. (ECF No. 4 at 3–5.)  I did note that Newman could seek reconsideration of this decision if he could assert a valid basis for equitable tolling.  (*Id.* at 4 n.4.)  I also found that the facts alleged suggested conduct that was, at most, merely negligent and not actionable under § 1983.  (*Id.* at 5.)  As it appeared that granting leave to amend the Complaint would be futile, such leave was denied.  (*Id.* at 5; ECF No. 5.)

On July 27, 2018, Newman filed a motion for reconsideration of the Opinion and Order dismissing his Complaint.  (ECF No. 9.)  He makes various arguments in favor of equitably tolling the limitations period, including that he was advised by a prison paralegal in November 2010 that all he needed to do to obtain relief was file a state notice of tort claim, that he did not know that a two-year limitations period applied until four months after that period had expired, that he was periodically deprived of his legal documents because of institutional transfers, and that, due to medical problems, he has great difficulty getting to the prison library and must rely on other inmates to deliver his legal paperwork.  (*See* Pl. Br., ECF No. 9-4.)  This motion is unopposed.

### III. ANALYSIS

Motions for reconsideration are permitted under Local Civil Rule 7.1(i), but reconsideration is considered an extraordinary remedy and is granted only sparingly.  *See Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014); *Andreyko v. Sunrise Senior Living, Inc.*, 993 F. Supp. 2d 475, 477 (D.N.J. 2014).  A party seeking reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked."  L. Civ. R. 7.1(i).  Motions for reconsideration are not intended as

opportunities to reargue old matters or raise issues that could have been raised previously. *See Andreyko*, 993 F. Supp. 2d at 477–78; *P. Schoenfeld Asset Mgm't LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Thus, the movant has the burden of demonstrating one of three bases for reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered its original decision]; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

In this motion, Newman fails to make any showing that could warrant the Court's reconsideration of its prior Opinion and Order. He makes no attempt to show an intervening change in law or newly available evidence. His motion must, instead, be treated as alleging an error of law or fact, namely, the potential applicability of equitable tolling. (*See* ECF No. 9-4.)

Equitable tolling under New Jersey law may arise "where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass,' or where a plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum." *Cason v. Arie St. Police Dep't,* Civ. No. 10–497 (KSH), 2010 WL 2674399, at *5 n.4 (D.N.J. June 29, 2010) (quoting *Freeman v. State,* 347 N.J. Super. 11, 31 (Super. Ct. App. Div. 2002)). Newman's reasons that a prison paralegal gave him incorrect information and that he did not realize his claim was subject to a two-year statute of limitations until four months after it had expired, do not support equitably tolling the lengthy delay before Newman filed his Complaint.[1] When Newman learned of the limitations period, apparently in or around February 2013, he

---

[1] I additionally note that, at least in criminal post-conviction relief cases, even an attorney's negligent advice regarding a statute of limitations does not suffice to warrant equitable tolling unless it rises to the level of extraordinary misconduct. *See Evans v. City of Newark*, Civ. A. No. 14-120 (KM) (MAH), 2016 WL 2742862, at *7 n.9 (D.N.J. May 10, 2016).

3

should have diligently sought to promptly file his Complaint.  Instead, the two-year limitations period could have run again twice over between the time he allegedly learned of the deadline and when he finally commenced this action in February 2017.  Newman's claims that he was, on "several" occasions, transferred to a different facility and that these transfers deprived him of his legal papers, "sometimes for 3 to 4 weeks," also does not suffice to account for the fact that he filed his Complaint nearly five years after the statute of limitations expired.  Nor does Newman's allegation that he has trouble getting to the law library and must rely on the assistance of other prisoners to help him warrant equitable tolling for such an extended period.  *Cf. Singleton v. DA Phila.*, 411 F. App'x 470, 472–73 (3d Cir. 2011).  Newman has noted that he filed a notice of tort claim regarding the underlying incident in December 2010 and that he filed a complaint in state court in February 2013.  This belies his argument that extraordinary circumstances prevented him from seeking legal recourse till nearly seven years after the incident.

In any case, even if Newman could make a showing in favor of equitable tolling sufficient to account for the prolonged delay in filing his Complaint, untimeliness was only one of the two bases for dismissing the Complaint upon screening.  In the prior Opinion, the Court also noted that "the Complaint at best describes negligent conduct, which is not actionable under section 1983."  (ECF No. 4 at 5.)  Newman has made no argument that this independent, adequate reason for dismissing his Complaint was in any way erroneous.  Accordingly, he has not shown any basis for an award of the "extraordinary remedy" of reconsideration.  *See Buzz Bee Toys*, 20 F. Supp. 3d at 515.

## IV. CONCLUSION

For the foregoing reasons, Newman's motion for reconsideration of the Court's prior Opinion and Order, (ECF No. 9), is DENIED.  An appropriate Order will be entered.


DATED:  February 14, 2019                                    /s/ Freda L. Wolfson
                                                                                        FREDA L. WOLFSON
                                                                                        United States District Judge